Newell v. Bedford                          CV-94-479-SD  12/23/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Scott A. Newell

      v.                              Civil No. 94-479-SD

Town of Bedford, NH, et al


O R D E R


    Defendants have filed a motion seeking leave to file a

motion to dismiss.  Document 50.[1]  The plaintiff objects.

Document 51.[2]


1.  Background

    In this action, plaintiff Scott Newell seeks damages

resulting from an incident wherein, while he was riding a bicycle

on a public way during the hours of darkness, he was stopped and

ultimately arrested by two police officers employed by the Town

_____

    [1]The motion to dismiss is attached to the motion seeking
leave to file.

    [2]Plaintiff apparently believes that, as a motion for
judgment as a matter of law under Rule 50(a), Fed. R. Civ. P.,
was previously denied, the time limitations for renewal of such
motion here apply.  The court respectfully disagrees, and
therefore will consider the motion to dismiss.  The court also
considers the plaintiff's objection to the motion on the merits.

of Bedford, New Hampshire.  Claiming violation of his federal civil rights, together with violations of certain provisions of state law, he brought this suit, naming both police officers and their employer as defendants.

A jury trial was held in this court between September 17 and 25, 1996.  Furnished with special verdicts, the jury found that one of the officers, Robert Gagliardi, had not violated plaintiff's rights under either federal or state law.  However, the jury was unable to agree concerning the remaining claims, and the court therefore accepted their partial verdict and declared a mistrial as to the claims pending against Officer McFadden and the Town of Bedford as concerned his actions.  A new trial on the remaining claims will be held in the future.

## 2.  Discussion

When presented with a motion to dismiss, the court must take the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause.  Garita Hotel, Ltd. v. Ponce Fed'l Bank, 958 F.2d 15, 17 (1st Cir. 1992).  Defendants' approach, contained in their motion, seeks to have the court draw, from the facts presented at the first jury trial, inferences which are favorable to them and not to the plaintiff.

2

This the court will not do.  On review of the authorities relied on by the defendants, and based upon its knowledge of the evidence available to plaintiff, the court finds and rules that the motion to dismiss must be and accordingly it is herewith denied.

## 3.  Conclusion

The court has granted defendants' motion to file a motion to dismiss.  Document 50.  The court has considered the motion to dismiss and finds that it must be and accordingly it is herewith denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

December 23, 1996

cc:  Bruce E. Kenna, Esq.
     Barton L. Mayer, Esq.
     Robert E. McDaniel, Esq.

3